DAVID G. EPSTEIN (SBN 84356)
david@epsteinlitigation.com
**THE DAVID EPSTEIN LAW FIRM**
PO Box 4858
Laguna Beach, CA 92652-4858
(949) 715-1500 Fax (949) 715-2570

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession The Barbara A Sinatra Family Limited Partnership

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | ) Case No. 8:14-bk-16337 |
| The Barbara A Sinatra Family | ) |
| | ) Chapter 11 |
| Limited Partnership | ) |
| | ) **NOTICE OF REMOVAL OF ACTION** |
| | ) **TO UNITED STATES BANKRUPTCY** |
| | ) **COURT** |
| | ) |
| | ) [28 U.S.C. § 1452(a), Fed. R. Bankr. P. |
| | ) 9027] |
| | ) |
| Debtor. | ) [No Hearing Required] |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2), 1334 and 1452 142(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), The Barbara A Sinatra Family Limited Partnership, the debtor



- 1 -

1  and debtor in possession in the above-captioned chapter 11 bankruptcy case (the

2  "Debtor"), hereby removes to this Court the state court action described below:

3      1. On or about January 28, 2008, GRACE ROCCO, an individual; and JEFFERY R.

4  BENNETT, Trustee of the Grace Rocco Irrevocable Qualified Domestic Trust Dated

5  March 29, 2000 ("Plaintiffs") commenced an action in the Superior Court of the State of

6  California in and for the County of Orange ("State Court") entitled "Rocco v. Helsing,

7  bearing Case No. 30-2008-00101777 (the "State Court Action"). A true and correct copy

8  of the operative Complaint in the State Court Action is attached hereto as Exhibit "A"

9  and incorporated herein by reference.

10     2. On or about October 25, 2014, the Debtor filed a voluntary petition for relief

11 under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court for the

12 Central District of California, Santa Ana Division, bearing Case No. 8:11-bk-   (the

13 "Bankruptcy Case").

14     3. The State Court Action is a civil action and is not a proceeding before the

15 United States Tax Court or a civil action by a governmental unit to enforce such

16 governmental unit's police or regulatory power.

17     4. The State Court Action is a civil action over which this Court has jurisdiction

18 under 28 U.S.C. §§ 157 and 1334 as it is closely related to the Bankruptcy Case presently

19 pending before this Court. The State Court Action now removed to this Court is a core

20 proceeding pursuant to, among other things, 28 U.S.C. §§ 157(b)(2)(A), (B) and (O),

21 because the State Court Action directly relates to, seeks possession of, and affects

22 property of the Debtor's estate and since the issues to be resolved in the State Court

23 Action are unavoidably intertwined with issues concerning the administration of the

24 Debtor's estate.

25     5. Pursuant to 28 U.S.C. § 1452(a), the State Court Action, including all claims,

26 counter-claims and causes of action therein, is an action that may be removed to

27 Bankruptcy Court.

28



- 2 -

*The David Epstein Law Firm*

6. This Notice of Removal is proper and timely under Bankruptcy Rule 9027(a)(2) since this Notice has been filed within 90 days after the order for relief in the Bankruptcy Case.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with Bankruptcy Rules 9027(b) and (c), the Debtor will promptly file a copy of this Notice of Removal with the Clerk of the State Court and serve the appropriate notice on all parties. Removal of the State Court Action and all claims and causes of action therein will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise ordered by the United States District Court, this matter is automatically referred to the United States Bankruptcy Court for the Central District of California, Santa Ana Division in accordance with Rule 9027(e) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 157(a). The parties to the Action shall proceed no further in the State Court unless otherwise ordered by this Court.

Dated: October 26, 2014          **The Barbara A Sinatra Family Limited Partnership**


By: _____
    David G. Epstein
    The David Epstein Law Firm
    Proposed Attorneys for Chapter 11 Debtor
      and Debtor in Possession

- 3 -

Notice of Removal



1  Michael J. FitzGerald, State Bar No. 70842
    Eric P. Francisconi, State Bar No. 172102
2  David M. Lawrence, State Bar No. 210408
    BARNES CROSBY FITZGERALD & ZEMAN LLP
3  18101 Von Karman Avenue, Suite 120
    Irvine, California 92612
4  Telephone: (949) 852-1100
    Facsimile (949) 852-1501
5  efrancisconi@barnescrosby.com

6  Attorneys for Plaintiffs GRACE ROCCO, an individual, and JEFFERY R. BENNETT,
    Trustee of the GRACE ROCCO IRREVOCABLE QUALIFIED DOMESTIC TRUST
7  dated March 29, 2000

8                      SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

10 | GRACE ROCCO, an individual; and        ) | Case No. 30-2008-00101777
    | JEFFERY R. BENNETT, Trustee of the     ) | [Assigned to Hon. Charles Margines,
11 | GRACE ROCCO IRREVOCABLE               ) | Dept. C-19]
    | QUALIFIED DOMESTIC TRUST               ) | [Unlimited Jurisdiction]
12 | dated March 29, 2000,                   )
                                              )
13 |              Plaintiffs,                 ) | FIRST AMENDED COMPLAINT
    |                                         ) | FOR:
14 | v.                                       )
                                              )
15 | MARK ALAN HELSING, an individual;       ) | 1.  BREACH OF FIDUCIARY
    | JOHN DAVID THOMAS, an individual       ) |      DUTY
16 | aka J. DAVID THOMAS aka DAVE            ) | 2.  FRAUD
    | THOMAS; CRESTRIDGE ESTATES,            ) | 3.  NEGLIGENT
17 | LLC, a California limited liability      ) |      MISREPRESENTATION
    | company; HLHS FINANCIAL                ) | 4.  CONSTRUCTIVE FRAUD
18 | SERVICES, INC., a California            ) | 5.  CONSTRUCTIVE TRUST
    | corporation dba SEA VIEW               ) | 6.  FRAUDULENT
19 | INVESTMENTS; 468 ASHTON LP, a           ) |      CONVEYANCE
    | California limited partnership; 468     ) | 7.  CIVIL CONSPIRACY
20 | ASHTON, LLC, a California limited        ) | 8.  CONVERSION
    | liability company; COLONY              ) | 9.  DECLARATORY RELIEF
21 | HOLDINGS, LLC, a limited liability      )
    | company; THE BARBARA A. SINATRA        )
22 | FAMILY LIMITED PARTNERSHIP, a           )
    | Nevada limited partnership; THE         )
23 | BARBARA A. SINATRA LLC, a               )
    | California limited liability company; THE)
24 | SINATRA FAMILY TRUST, a trust,          )
    | trustees unknown; 925 ORIOLE, LLC, a   )
25 | California limited liability company;    )
    | RANCHO PALOS VERDES HOLDING            )
26 | COMPANY, LLC, a California limited       )
    | liability company; and DOES 1 through   )
27 | 100, inclusive,                          )
    |              Defendants.                 )
28 |_____)

                                1

1　　　　Plaintiffs GRACE ROCCO, an individual; and JEFFERY R. BENNETT, Trustee

2　of the GRACE ROCCO IRREVOCABLE QUALIFIED DOMESTIC TRUST dated

3　March 29, 2000, allege as follows:

4

5　　　　　　　　　　　　**General Allegations**

6　　　　1.　　Plaintiff GRACE ROCCO ("Rocco") is and was at all times material to

7　this action an individual doing business within the County of Orange, State of California.

8　　　　2.　　Plaintiff JEFFERY R. BENNETT ("Bennett") is and was at all times

9　material to this action a Trustee of the GRACE ROCCO IRREVOCABLE QUALIFIED

10　DOMESTIC TRUST dated March 29, 2000 (the "Rocco Trust"), doing business within

11　the County of Orange, State of California.

12　　　　3.　　Plaintiffs are informed and believe and thereby allege that Defendant

13　MARK ALAN HELSING ("Helsing") is an individual doing business within the County

14　of Orange, State of California.

15　　　　4.　　Plaintiffs are informed and believe and thereby allege that Defendant

16　JOHN DAVID THOMAS aka J. DAVID THOMAS aka DAVE THOMAS ("Thomas")

17　is an individual doing business within the County of Orange, State of California.

18　　　　5.　　Plaintiffs are informed and believe and thereby allege that Defendant

19　CRESTRIDGE ESTATES, LLC ("Crestridge") is a California limited liability company

20　doing business within the County of Orange, State of California.  Crestridge owns

21　certain real property located in Los Angeles County, California (the "Crestridge

22　Property").

23　　　　6.　　Plaintiffs are informed and believe and thereby allege that Defendant

24　HLHS FINANCIAL SERVICES, INC. ("HLHS"), both on its own behalf and doing

25　business as SEA VIEW INVESTMENTS ("Sea View"), is a California corporation

26　doing business within the County of Orange, State of California.  Plaintiffs are further

27　informed and believes that HLHS is owned and controlled by Helsing and/or Thomas.

28

**FIRST AMENDED COMPLAINT**

1        7.     Plaintiffs are informed a believe and thereby allege that Defendant 468

2   ASHTON LP ("Ashton LP") is a California limited partnership doing business within

3   the County of Orange, State of California.

4        8.     Plaintiffs are informed and believe and thereby allege that Defendants 468

5   ASHTON, LLC ("Ashton LLC") and 925 ORIOLE, LLC ("Oriole LLC") are California

6   limited liability companies doing business within the County of Orange, State of

7   California.  Plaintiffs are further informed and believe and thereby allege that Defendant

8   COLONY HOLDINGS, LLC ("Colony") is a limited liability company doing business

9   within the County of Orange, State of California that is the managing member of both

10  Ashton LLC and Oriole LLC and is otherwise an officer of Defendant THE BARBARA

11  A. SINATRA FAMILY LIMITED PARTNERSHIP ("Sinatra LP"), a limited

12  partnership doing business within the County of Orange, State of California.

13       9.     Plaintiffs are informed and believe and thereby allege that Defendant THE

14  BARBARA A. SINATRA LLC ("Sinatra LLC") is a Nevada limited partnership doing

15  business within the County of Orange, State of California, and that Defendant THE

16  SINATRA FAMILY TRUST ("Sinatra Trust") is a Nevada trust doing business within

17  the County of Orange, State of California.  Sinatra LP, Sinatra LLC, and Sinatra Trust

18  are collectively referred to herein as "Sinatra."

19       10.    Plaintiffs are informed and believe and thereby allege that Defendants

20  RANCHO PALOS VERDES HOLDING COMPANY, LLC ("RPV Holding") and

21  DOES 50 through 75, inclusive, (collectively, the "Interest Holders") are business

22  entities of various forms as alleged otherwise herein or individuals, all of whom have a

23  beneficial interest in the property and assets that are the subject of this suit.

24       11.    There also exists, and at all times herein mentioned there existed, a unity of

25  interest and ownership between Thomas, Crestridge, and DOES 1 through 10, inclusive

26  (collectively, the "Crestridge Defendants") such that any individuality and separateness

27  ///

28

1    between them has ceased, and the Crestridge Defendants are the alter egos of one
2    another.

3        12.    Adherence to the fiction of the separate existence of the Crestridge
4    Defendants as distinct from one another would permit an abuse of the corporate privilege
5    and would sanction fraud and promote injustice. Accordingly, the Court should
6    disregard the distinctions between the Crestridge Defendants and hold each of these
7    Defendants liable for the wrongdoing alleged herein as to the other.

8        13.    There also exists, and at all times herein mentioned there existed, a unity of
9    interest and ownership between HLHS, Sea View, Helsing, Thomas, Crestridge, RPV
10    Holding, Colony and DOES 11 through 20, inclusive (collectively, the "Thomas
11    Defendants") such that any individuality and separateness between them has ceased, and
12    the Thomas Defendants are the alter egos of one another.

13        14.    Adherence to the fiction of the separate existence of the Thomas
14    Defendants as distinct from one another would permit an abuse of the corporate privilege
15    and would sanction fraud and promote injustice. Accordingly, the Court should
16    disregard the distinctions between the Thomas Defendants and hold each of these
17    Defendants liable for the wrongdoing alleged herein as to the other.

18        15.    There also exists, and at all times herein mentioned there existed, a unity of
19    interest and ownership between the Thomas Defendants, Ashton LLC, Ashton LP,
20    Oriole LLC, Colony, Sinatra LP, Sinatra LLC, Sinatra Trust, and DOES 21 through 30,
21    inclusive (collectively the "Colony Defendants") such that any individuality and
22    separateness between them has ceased, and the Colony Defendants, are the alter egos of
23    one another.

24        16.    Adherence to the fiction of the separate existence of the Colony
25    Defendants as distinct from one another would permit an abuse of the corporate privilege
26    and would sanction fraud and promote injustice. Accordingly, the Court should
27    ///
28

**FIRST AMENDED COMPLAINT**

1  disregard the distinctions between the Colony Defendants and hold each of these

2  Defendants liable for the wrongdoing alleged herein as to the other.

3        17.    Plaintiffs are informed and believe and thereon allege that DOES 1

4  through 100, inclusive, are and, at all times relevant to this First Amended Complaint,

5  were the officers, directors, employees, partners, principals, agents, joint venturers

6  and/or consultants of the other defendants in this action or that they are otherwise

7  responsible in some manner for the acts, occurrences, and conduct alleged herein and

8  that they proximately caused plaintiffs' damages as alleged herein.

9        18.    Plaintiffs are ignorant of the true identities and capacities of the defendants

10  sued herein as DOES 1 through 100, inclusive, and they therefore sue such defendants by

11  their fictitious names.  Plaintiffs will seek leave of court to amend this First Amended

12  Complaint to allege the true identities and capacities of these defendants when the same

13  has been ascertained.

14        19.    This suit concerns conveyances and other events pertaining to certain real

15  property, described as follows:

16      •    Lot 31, 32 and 33 in Block "K", Arch Beach Heights

17          Addition, as shown on a map recorded in Book 7, Page 22 of

18          Miscellaneous Maps, Records of Orange County, California,

19          and more particularly described as 468 Ashton in the City of

20          Laguna Beach, County of Orange, State of California (the

21          "Ashton Property").

22      •    That portion of the northeast quarter of Section 25, Township

23          7 South, Range 9 West, San Bernardino Meridian, according

24          to the official plat filed in the district land office August 13,

25          1875, described as follows: Beginning at the corner common

26          to sections 19, 24, 25 and 30, in said Township 7 South,

27          Ranges 8 and 9 West, the northwest corner of said Section

28

**FIRST AMENDED COMPLAINT**

1   being shown on the map of Tract No. 1038 recorded in Book

2   34, Page 3 of miscellaneous maps, records of Orange

3   County, California; thence south 0°03'42" west 998.62 feet

4   along the east line of said Section 25; thence south 69°23'

5   west 325.00 feet to the true point of beginning; thence,

6   continuing south 69 degrees 23' west 238.00 feet; thence

7   south 0°03'42" west 426.13 feet to the northerly line of Tract

8   No. 1252 as shown on a map recorded in Book 38, Pages 15

9   and 16 of said miscellaneous maps; thence south 15°41'55"

10  west 128.68 feet; thence south 3°45'40" east 15.00 feet;

11  thence, leaving said Tract No. 1252, north 83°16'50" east

12  35.22 feet; thence north 84°14'20" east 135.25 feet; thence

13  north 0°03'42" east 670.13 feet to the true point of

14  beginning.

15  Excepting any portion thereof lying within the boundaries of

16  Tract No. 2218 as shown on a map recorded in Book 85,

17  Pages 30 and 31 of said miscellaneous maps.

18  More particularly described as 925 Oriole in the City of

19  Laguna Beach, County of Orange, State of California (the

20  "Oriole Property").

21  •   Parcel 1 of Parcel Map No. 25271, in the City of Rancho

22  Palos Verdes, County of Los Angeles, State of California, as

23  per the map filed in Book 288 Pages 44 and 45 of Parcel

24  Maps, in the Office of the County Recorder of Said County

25  (the "Crestridge Property").

26  ///

27  ///

28

6

**FIRST AMENDED COMPLAINT**

# First Cause of Action

## (Breach of Fiduciary Duty Against the Thomas Defendants and DOES 31 through 40, Inclusive)

20.     Plaintiffs incorporate each preceding paragraph of this First Amended Complaint as though fully set forth herein.

21.     Plaintiff Bennett and Defendant Helsing were childhood friends, and Bennett and Rocco were investors in the transactions related to the Ashton Property and Oriole Property described herein, which was controlled and operated by the Thomas Defendants and DOES 31 through 40, inclusive.  At all pertinent times herein, the Thomas Defendants were fiduciaries to Bennett, Rocco and the Rocco Trust.

22.     Beginning on or about September 7, 2000 and continuing into 2006, at Helsing's request, Plaintiffs made substantial loans that were to be secured by Deeds of Trust on the Ashton Property, Oriole Property, Crestridge Property and, in some cases, the personal guaranty of Sinatra.  Throughout this time, said Defendants assured Plaintiffs not only that the loans would be repaid, but that Plaintiffs would hold a security interest in those properties for the full value of the loans.

23.     Within the last year, Plaintiffs discovered that said Defendants rendered the deeds of trust valueless by, *inter alia*, failing to record those Deeds of Trust, assigning those Deeds of Trust without the permission of Plaintiffs, borrowing funds from others and providing them with security positions in the Ashton Property, Oriole Property, and/or Crestridge Property senior to Plaintiffs' position without Plaintiffs' knowledge or consent, transferring the Ashton Property from Ashton LLC to Helsing individually in March 2006 without satisfying Plaintiffs' Deeds of Trust or obtaining Plaintiffs' consent, and transferring the Oriole Property to other parties without satisfying Plaintiffs' Deeds of Trust or obtaining Plaintiffs' consent.  As a result of these actions, Plaintiffs have not only been deprived of repayment of their loans, but they have

///

**FIRST AMENDED COMPLAINT**

1  been deprived of the security against the Ashton Property, Oriole Property, and/or

2  Crestridge Property they had been promised.

3       24.    In that the Thomas Defendants were in a fiduciary relationship with

4  Plaintiffs, said Defendants owed a fiduciary duty to Plaintiffs to act in the highest good

5  faith as to Plaintiffs and were not permitted to obtain any advantage over them by the

6  slightest misrepresentation or concealment.

7       25.    Plaintiffs are informed and believe and based upon such information and

8  belief allege that the Defendants named within this cause of action breached their

9  respective fiduciary duties, all to the harm of Plaintiffs, by their actions described herein.

10      26.    As a direct and proximate result of the wrongful acts of said Defendants

11 herein, Plaintiffs have sustained economic damages, in an amount to be proven at the

12 time of trial.

13      27.    Plaintiffs are informed and believe and thereon allege that in doing the acts

14 alleged above, said Defendants acted with malice, oppression and the intent to harm

15 Plaintiffs, and Plaintiffs are entitled to recover punitive and exemplary damages in an

16 amount to be proved at trial.

17

18              **Second Cause of Action**

19    **(Fraud Against the Thomas Defendants and DOES 31 through 40, Inclusive)**

20      28.    Plaintiffs incorporate each preceding paragraph of this First Amended

21 Complaint as though fully set forth herein.

22      29.    As alleged above, beginning in September 2000 and for years thereafter,

23 said Defendants requested loans from Plaintiffs, assuring them that these loans would be

24 fully secured by Deed of Trust on the Ashton Property, the Oriole Property, and/or the

25 Crestridge Property.  In reliance upon said Defendants' statements and promises

26 concerning this security, Plaintiffs made several substantial loans at said Defendants'

27 request.

28

**FIRST AMENDED COMPLAINT**

30. When they made the statements and promises referenced above to Plaintiffs, said Defendants knew those statements and promises to be in fact false, that said Defendants had no intention of securing the loans with those properties, and said promises were made with the intent to deceive Plaintiffs.

31. As explained in the preceding paragraphs, incorporated by reference within this cause of action, Plaintiffs were ignorant of the falsity of said Defendants' promises and statements and believed them to be true at that time they were made. Plaintiffs could not, in the exercise of reasonable diligence, have discovered said Defendants' secret intentions prior to their recent discovery of the true facts. Had Plaintiffs known of these secret intentions, Plaintiffs would not have relied upon said Defendants' promises and statements and would not have contributed their funds. Plaintiffs did not discover said Defendants' fraud until 2007.

32. As a direct and proximate result of said Defendants' fraud as alleged herein, Plaintiffs have suffered general and special damages according to proof at trial in an amount well in excess of this court's jurisdictional minimum.

33. At all relevant times, said Defendants' fraudulent actions, as described herein, were willful, intentional, malicious and were carried out with a conscious, willful and reckless disregard of Plaintiffs' rights such that Plaintiffs are accordingly entitled to an award of exemplary damages under California Civil Code Section 3294, et seq., in an amount sufficient to punish said Defendants and to set an example in view of said Defendants' respective financial conditions, according to proof at trial.

# Third Cause of Action

**(Negligent Misrepresentation Against the Thomas Defendants and DOES 31 through 40, Inclusive)**

34. Plaintiffs incorporate each preceding paragraph of this First Amended Complaint as though fully set forth herein.

35.     As alleged above, beginning in September 2000 and for years thereafter, said Defendants requested loans from Plaintiffs, assuring them that these loans would be fully secured by Deed of Trust on the Ashton Property, the Oriole Property, and/or the Crestridge Property.  In reliance upon said Defendants' statements and promises concerning this security, Plaintiffs made several substantial loans at said Defendants' request.

36.     When they made the statements and promises referenced above to Plaintiffs, said Defendants had no basis to believe that those statements and promises were in fact true.

37.     As explained in the preceding paragraphs, incorporated by reference within this cause of action, Plaintiffs were ignorant of the falsity of said Defendants' promises and statements and believed them to be true at that time they were made.  Plaintiffs could not, in the exercise of reasonable diligence, have discovered the falsity of said promises and statements prior to their recent discovery of the true facts.  Had Plaintiffs known of the falsity of said promises and statements, Plaintiffs would not have relied upon said Defendants' promises and statements and would not have contributed their funds.  Plaintiffs did not make this discovery until 2007.

38.     As a direct and proximate result of said Defendants' negligent misrepresentations as alleged herein, Plaintiffs have suffered general and special damages according to proof at trial in an amount well in excess of this court's jurisdictional minimum.

# Fourth Cause of Action

### (Constructive Fraud Against the Thomas Defendants and DOES 31 through 40, Inclusive)

39.     Plaintiffs incorporate each preceding paragraph of this First Amended Complaint as though fully set forth herein.

**FIRST AMENDED COMPLAINT**

1    40.    Plaintiffs and said Defendants were in a fiduciary relationship with one

2 another.  Pursuant to this duty, said Defendants, and each of them, owed Plaintiffs the

3 utmost good faith and fairness in all matters pertaining to these matters.

4    41.    As set forth above, said Defendants, and each of them, breached the

5 aforesaid duty by their acts, omissions and concealments with the intent to deceive

6 Plaintiffs.  As a direct and proximate result of the above-mentioned wrongful acts,

7 omissions and concealments by said Defendants, Plaintiffs have suffered financial and

8 other injuries in a sum to be proved at trial.

9    42.    At all relevant times, said Defendants' actions, as described herein, were

10 willful, intentional, malicious and were carried out with a conscious, willful and reckless

11 disregard of Plaintiffs' rights such that Plaintiffs are accordingly entitled to an award of

12 exemplary damages under California Civil Code Section 3294, et seq., in an amount

13 sufficient to punish said Defendants and to set an example in view of said Defendants'

14 respective financial conditions, according to proof at trial.

15

16    # Fifth Cause of Action

17    ## (Constructive Trust Against All Defendants)

18    43.    Plaintiffs incorporate each preceding paragraph of this First Amended

19 Complaint as though fully set forth herein.

20    44.    Defendants are in the possession, custody and/or control of the Ashton

21 Property, the Oriole Property, and/or the Crestridge Property, hold an interest in the

22 Ashton Property, the Oriole Property, and/or the Crestridge Property, and/or are in

23 possession of or received the benefit from assets provided by Plaintiffs.

24    45.    Said defendants acquired their respective interests in those properties

25 and/or the assets of Plaintiffs by virtue of the fraud, breach of fiduciary duty, and other

26 wrongful acts perpetrated against Plaintiffs as alleged herein.

27 ///

28

46.     Defendants' possession of their interests in those properties and these
assets are therefore wrongful. Plaintiffs therefore allege that Defendants are involuntary
trustees thereof, for the benefit of Plaintiffs.

47.     The keeping of the property and/or assets by Defendants would constitute
unjust enrichment.

# Sixth Cause of Action

### (Fraudulent Conveyance Against All Defendants)

48.     Plaintiffs incorporate each preceding paragraph of this First Amended
Complaint as though fully set forth herein.

49.     The Thomas Defendants and DOES 31 through 40, inclusive, as alleged
above, made transfers of security interests and transfers of Plaintiffs' assets and interest
in the Ashton Property and/or the Crestridge Property to some or all of the other
Defendants in this action without Plaintiffs' knowledge or consent.  Pursuant to
California Civil Code section 3439.04, Plaintiffs are informed and believe and thereby
allege that the Thomas Defendants and DOES 31 through 40, inclusive were made with
the actual intent to hinder, delay, or defraud Plaintiffs, without receiving a reasonably
equivalent value in exchange for the transfers, and the Thomas Defendants and DOES 31
through 40, inclusive were either engaged or about to engage in a business or a
transaction for which the remaining assets of those defendants were unreasonably small
in relation to the business or transaction, or intended to incur, or believed or reasonably
should have believed that they would incur, debts beyond their ability to pay as they
became due.

50.     The Defendants named in this cause of action, and each of them, were the
recipients of interests in the Ashton Property and/or the Crestridge Property and/or assets
of Plaintiffs as a result of these fraudulent conveyances by the Thomas Defendants and
DOES 31 through 40, inclusive.

**FIRST AMENDED COMPLAINT**

51.     Plaintiffs request that, pursuant to California Civil Code section 3439.07, the Court order the fraudulent conveyances avoided to the extent necessary to satisfy Plaintiffs' claims, issue an injunction against the further transfer or encumbrance of the Ashton Property, Crestridge Property, and Plaintiffs' assets, appoint a receiver to take charge of the Ashton Property and Crestridge Property, and provide any other relief, including but not limited to monetary damages, that the Court deems justified to restore to Plaintiffs their security interests and assets.

# Seventh Cause of Action

### (Civil Conspiracy Against the Thomas Defendants and DOES 31 through 40, Inclusive)

52.     Plaintiffs incorporate each preceding paragraph of this First Amended Complaint as though fully set forth herein.

53.     As alleged above, beginning in September 2000 and for years thereafter, said Defendants made false and misleading statements to Plaintiffs, inducing them to provide assets to and/or for the benefit of said Defendants assuring them that these loans would be fully secured by Deed of Trust on the Ashton Property, the Oriole Property, and/or the Crestridge Property.  Plaintiffs relied upon said Defendants' statements and promises concerning this security, making several substantial loans at said Defendants' request that were both unpaid and, unbeknownst to Plaintiffs, unsecured.  Said Defendants also engaged in other wrongful conduct, such as, *inter alia*, failing to record those Deeds of Trust, assigning those Deeds of Trust without the permission of Plaintiffs, borrowing funds from others and providing them with security positions in the Ashton Property, the Oriole Property, and/or the Crestridge Property senior to Plaintiffs' position without Plaintiffs' knowledge or consent, transferring the Ashton Property from Ashton LLC to Helsing individually in March 2006 without satisfying Plaintiffs' Deeds of Trust or obtaining Plaintiffs' consent, transferring the Oriole Property to other parties

1  without satisfying Plaintiffs' Deeds of Trust or obtaining Plaintiffs' consent, and

2  otherwise engaging in the manipulation of Plaintiffs.

3      54.    Plaintiffs are informed and believe and thereon allege that, in taking the

4  actions described above, said Defendants did so in conspiracy with one another for the

5  purposes of defrauding and/or misleading Plaintiffs into providing assets to and/or for

6  the benefit of said Defendants.

7      55.    As a direct and proximate result of said Defendants' conspiracy – which is

8  ongoing – as alleged herein, Plaintiffs have suffered general and special damages

9  according to proof at trial in an amount well in excess of this court's jurisdictional

10  minimum.

11      56.    At all relevant times, said Defendants' actions, as described herein, were

12  willful, intentional, malicious and were carried out with a conscious, willful and reckless

13  disregard of Plaintiffs' rights such that Plaintiffs are accordingly entitled to an award of

14  exemplary damages under California Civil Code Section 3294, et seq., in an amount

15  sufficient to punish said Defendants and to set an example in view of said Defendants'

16  respective financial conditions, according to proof at trial.

17

# Eighth Cause of Action

19  **(Conversion Against the Thomas Defendants and DOES 31 through 40, Inclusive)**

20      57.    Plaintiffs incorporate each preceding paragraph of this First Amended

21  Complaint as though fully set forth herein.

22      58.    As alleged above, beginning in September 2000 and for years thereafter,

23  said Defendants requested loans from Plaintiffs, assuring them that these loans would be

24  fully secured by Deed of Trust on the Ashton Property, the Oriole Property, and/or the

25  Crestridge Property. In reliance upon said Defendants' statements and promises

26  concerning this security, Plaintiffs made several substantial loans at said Defendants'

27  request.

28

59.    By their acts and omissions in obtaining and refusing to return Plaintiffs' assets, said Defendants exercised wrongful dominion and control over the property of Plaintiffs, thus committing conversion.

60.    As a direct and proximate result of said Defendants' misappropriation of Plaintiffs' assets, Plaintiffs have suffered general and special damages according to proof at trial in an amount well in excess of this court's jurisdictional minimum.

61.    At all relevant times, said Defendants' actions, as described herein, were willful, intentional, malicious and were carried out with a conscious, willful and reckless disregard of Plaintiffs' rights such that Plaintiffs are accordingly entitled to an award of exemplary damages under California Civil Code Section 3294, et seq., in an amount sufficient to punish said Defendants and to set an example in view of said Defendants' respective financial conditions, according to proof at trial.

# Ninth Cause of Action

### (Declaratory Relief Against Helsing, DOES 76 through 85, inclusive, and DOE SURETY COMPANIES 41 through 50, inclusive)

62.    Plaintiffs incorporate each preceding paragraph of this First Amended Complaint as though fully set forth herein.

63.    An actual controversy exists between Plaintiffs on the one hand, and Helsing, DOES 76 through 85, inclusive, and DOE SURETY COMPANIES 51 through 100, inclusive, and each of them, whereby Plaintiffs contends that the surety bonds and/or other bonds ensuring the faithful performance of Helsing and DOES 76 through 85, inclusive, are valid and binding as against these defendants, and each of them. Plaintiffs also contends that Plaintiffs are entitled to recover against these bonds for any damages Plaintiffs incurred based on the alleged defaults by Helsing and DOES 76 through 85 in the performance ensured by these bonds.

///

64.     Plaintiffs are informed and believes and upon such information and belief allege that these defendants, and each of them, deny that the aforementioned bonds are valid and binding as against these defendants, and each of them, and/or deny that Plaintiffs are entitled to recover against these bonds for any damages Plaintiffs incurred based on the alleged defaults by Helsing and DOES 76 through 85 in the performance ensured by these bonds.

65.     Plaintiffs hereby pray for a declaration that the surety bonds and/or other bonds ensuring the faithful performance of Helsing and DOES 76 through 85, inclusive, are valid and binding as against these defendants, and each of them, and that Plaintiffs are entitled to recover against these bonds for any damages Plaintiffs incurred based on the alleged defaults by Helsing and DOES 76 through 85 in the performance ensured by these bonds.

**WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

<u>For the First, Second, Fourth, Seventh, and Eighth Causes of Action</u>:

1.     For actual damages, in an amount to be proven at the time of trial.

2.     For punitive and exemplary damages in an amount to be proved at trial.

<u>For the Third Cause of Action</u>:

3.     For actual damages, in an amount to be proven at the time of trial.

<u>For the Fifth Cause of Action</u>:

4.     For the Court to impose a constructive trust over the Property and the assets Plaintiffs contributed at the request of the Thomas Defendants and DOES 31 through 40, inclusive.

<u>For the Sixth Cause of Action</u>:

5.     For an order avoiding the fraudulent conveyances to the extent necessary to satisfy Plaintiffs' claims.

///

16

**FIRST AMENDED COMPLAINT**

1    6.    For an injunction against the further transfer or encumbrance of the Ashton

2    Property and Plaintiffs' assets.

3    7.    For an order appointing a receiver to take charge of the Ashton Property.

4    8.    For any other relief, including but not limited to monetary relief, that the

5    Court deems justified to restore to Plaintiffs their security interests and assets.

6    For the Ninth Cause of Action:

7    9.    For a declaration that the surety bonds and/or other bonds ensuring the

8    faithful performance of Helsing and DOES 76 through 85, inclusive, are valid and

9    binding as against these defendants, and each of them, and that Plaintiffs are entitled to

10   recover against these bonds for any damages Plaintiffs incurred based on the alleged

11   defaults by Helsing and DOES 76 through 85 in the performance ensured by these bonds.

12   For All Causes of Action:

13   10.    For the recovery of costs expended in bringing this action.

14   11.    For such other and further relief as this Court deems just.

15                                BARNES, CROSBY, FITZGERALD
                                 & ZEMAN LLP
16

17

18   Dated:    November 25, 2008        _____
                                Michael J. FitzGerald
19                               Eric P. Francisconi
                                David M. Lawrence
20                               Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

---

17

**FIRST AMENDED COMPLAINT**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

        I, the undersigned, am employed in the aforesaid county, State of California. I am over the age of 18 years and not a party to the within action. My business address is 18101 Von Karman Avenue, Suite 120, Irvine, California.

        On **November 25, 2008,** I served the foregoing:

- **FIRST AMENDED COMPLAINT FOR:**
  1. **BREACH OF FIDUCIARY DUTY**
  2. **FRAUD**
  3. **NEGLIGENT MISREPRESENTATION**
  4. **CONSTRUCTIVE FRAUD**
  5. **CONSTRUCTIVE TRUST**
  6. **FRAUDULENT**
  7. **CIVIL CONSPIRACY**
  8. **CONVERSION**
  9. **DECLARATORY RELIEF**

on interested parties in this action by [X] placing a true copy [   ] the original thereof enclosed in a sealed envelope, first class postage prepaid, addressed as follows:

Jay M. Spillane, Esq.
Raphael Cung, Esq.
SPILLANE, SCHAEFFER, ARONOFF,
BANDLOW,LLP
1880 Century Park East, Suite 1004
Los Angeles, California 90067-2627
Tel: (310) 229-9300
Fax: (310) 229-9380

*(Attorneys for Defendants JOHN DAVID THOMAS, an individual, aka J. DAVID THOMAS and CRESTRIDGE ESTATES,LLC)*

Mark Helsing, President in pro per
2478 Sunningdale Drive,
Tustin, CA 92782
(714) 669-4747

*(In pro per for Defendant HLHS)*

[X]    **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **(STATE)** I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 25, 2008,** at Irvine, California.

Jaclyn Rodriguez